CITY OF CLEVELAND, Appellee,

v.

ALTON, Appellant.

[Cite as *Cleveland v. Alton* (1997), 118 Ohio App.3d 642.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70162.

Decided March 10, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *George A. Pace,* Assistant Prosecuting Attorney, for appellee.

*Petroff & Associates, Mark G. Petroff* and *Kenneth M. Lieu,* for appellant.

DAVID T. MATIA, Judge.

Sean Alton, appellant, appeals from his convictions in the city of Cleveland Municipal Court of the offenses of driving under suspension and failing to obey a traffic control device. Appellant assigns three errors for this court's review.

Appellant's appeal is well taken.

On June 23, 1995, at approximately 11:00 p.m., Sean Alton, appellant, was stopped by Officer John Cotner of the Cleveland Police Department after Officer

Cotner observed appellant's vehicle go through a red traffic light at the intersection of West Boulevard and Western Avenue in Cleveland, Ohio.

During the traffic stop, it was allegedly discovered that appellant's driver's license was under suspension. As a result, appellant was cited for operating a motor vehicle without a valid driver's license in violation of Cleveland Municipal Ordinance 435.07(A) and failing to obey a traffic control device in violation of Cleveland Municipal Ordinance 413.03. At that time, appellant allegedly produced an occupational driving privileges document. However, since the alleged traffic violation occurred at approximately 11:00 p.m., Officer Cotner determined that the occupational driving privileges document did not excuse appellant from a driving-under-suspension violation since appellant was driving outside the time specified in the document.

On July 12, 1995, appellant entered a plea of not guilty to the offenses in question. On November 21, 1995, after a number of trial continuances at appellant's request, appellant filed a jury demand.

The case came on for trial in Cleveland Municipal Court on November 30, 1995. Since appellant had failed to file his jury demand not less than ten days prior to trial as required under Crim.R. 23, the trial court proceeded to conduct a bench trial over repeated defense objections. At trial the prosecution's case consisted entirely of Officer Cotner's testimony regarding the night of the traffic stop. During the state's case, the trial court allowed a disputed alleged stipulation regarding the underlying suspension into evidence over defense objection. The state then rested.

Defense counsel then called appellant's wife, Kellen Alton, as its first witness. Mrs. Alton testified that appellant was called to work at approximately 7:00 on the night in question. The defense then attempted to introduce the testimony of two witnesses who appellant claimed worked with him on the night in question. The trial court refused to allow these witnesses to testify on the basis of relevancy and also refused to allow defense counsel to proffer the testimony for the record. In addition, the trial court refused to allow appellant to testify on his own behalf. The trial court then found appellant guilty of the charged offenses and referred him to the probation department so that a presentence investigation and report could be completed prior to sentencing.

On January 4, 1996, the trial court sentenced appellant to the maximum sentence of six months in jail and a $1,000 fine. Appellant was also ordered to forfeit the vehicle he had been driving at the time of the infraction. He was also fined $30 for the traffic control device violation. That same day, the trial court granted appellant's motion to suspend imposition of sentence pending appeal and motion for continuance of bond. A timely notice of appeal was then filed by appellant from the judgment of the trial court.

## FIRST ASSIGNMENT OF ERROR

Appellant's first assignment of error states:

"The trial court erred, and denied the appellant due process of law, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections Five and Sixteen of the Ohio Constitution, when it failed to provide appellant with a jury trial, failed to conduct a meaningful trial; failed to permit the appellant to call witnesses; considered facts that were not in evidence; found stipulated facts that were not stipulated to by counsel; and failed to permit appellant to testify in his own behalf."

Appellant argues, through his first assignment of error, that the trial court violated numerous constitutional rights in conducting his trial. Specifically, and most significantly for the purposes of the instant appeal, appellant maintains that the trial court arbitrarily refused to allow him to testify on his own behalf, refused to allow relevant defense testimony and then refused appellant the opportunity to proffer the excluded testimony for the record. In addition, appellant maintains that the trial court incorrectly considered facts and alleged stipulations that were not properly in evidence and refused to conduct a jury trial even though a proper demand for a jury trial had been filed.

Appellant's first assignment of error is well taken.

A defendant in a criminal case has the due process right to take the witness stand and to testify in his or her own defense. *Rock v. Arkansas* (1987), 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37; *Harris v. New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1; *State v. Jones* (Sept. 30, 1993), Cuyahoga App. No. 63836, unreported, 1993 WL 389457; *State v. Griggs* (Oct. 8, 1987), Cuyahoga App. Nos. 52815 and 52923, unreported, 1987 WL 14117. "Whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right." *Brooks v. Tennessee* (1972), 406 U.S. 605, 612, 92 S.Ct. 1891, 1895, 32 L.Ed.2d 358, 364.

A defendant's right to testify is not without limitation and " 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' * * * But restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Rock v. Arkansas, supra,* 483 U.S. at 55–56, 107 S.Ct. at 2711, 97 L.Ed.2d at 49.

In the case *sub judice,* a review of the trial transcript reveals the following exchange between defense counsel and the trial court:

"THE COURT: What else do you have?

"MR. PETROFF: The defendant, that he was working during the course of employment.

"THE COURT: That's what he was going to say?

"MR. PETROFF: No, your Honor.

"THE COURT: Any other witnesses?

"MR. PETROFF: No, your Honor.

"THE COURT: All right. Defendant found guilty. I am going to pass for sentence."

Clearly, the trial court was informed that appellant wished to testify on his own behalf. However, instead of allowing appellant to proceed, the trial court unilaterally determined that his testimony was superfluous and ended the trial at that point. In fact, during appellant's case-in-chief, the trial court stated that it had already determined the final outcome of appellant's case:

"MR. PETROFF: I do not believe it. I think Mr. Alton was not down there with the intent to drive under suspension, your Honor.

"THE COURT: I will tell you what you do because I am going to find him guilty because you're waisting [sic] my time when this order says he can only drive from 6:00 a.m., which gives him tremendous leeway. That's 13 hours he can drive. That is—wait a minute. From 6:00 o'clock to 6:00 o'clock at night is 12 hours. Then, you got two more hours.

"MR. PETROFF: Your Honor, I am not going to debate it. Obviously, he came home and he found this out again.

"THE COURT: This man knew better, and I know he did, and I think you all are trying [to] circumvent the law—."

Given the trial court's refusal to allow appellant to testify on his own behalf and the trial court's stated intention to return a verdict of guilty prior to the completion of appellant's case, it is apparent that appellant was denied his constitutional right to due process since he was not permitted a full and complete opportunity to present a defense. *California v. Trombetta* (1984), 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413, 419–420.

For the foregoing reasons, this court finds that appellant's first assignment of error is well taken.

## SECOND AND THIRD ASSIGNMENTS OF ERROR

Appellant's second assignment of error states:

"Appellant was convicted with evidence insufficient as a matter of law, thereby denying him his due process rights guaranteed him by the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution."

Appellant's third assignment of error states:

"Trial court erred by imposing the maximum sentence without considering the statutory factors required by Ohio Revised Code § 2929.22(C)."

Given this court's disposition of appellant's first assignment of error, all remaining assignments of error are hereby rendered moot pursuant to App.R. 12(A)(1)(C) and will not be considered by this court.

The judgment of the trial court is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, C.J., and KARPINSKI, J., concur.