The STATE of Ohio, Appellee,

v.

RITZE, Appellant.

[Cite as *State v. Ritze*, 154 Ohio App.3d 133, 2003-Ohio-4580.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020745.

Decided Aug. 29, 2003.

</div>

---

Michael K. Allen, Hamilton County Prosecuting Attorney, and Anita P. Berding, Assistant Prosecuting Attorney, for appellee.

Cohen, Todd, Kite & Stanford, LLC, and John L. O'Shea, for appellant.

Per Curiam.

{¶ 1} Defendant-appellant, Cornelius Brandon Ritze, appeals from a conviction for driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1). He

presents six assignments of error for review. We find that two of his assignments of error have merit, and we, therefore, reverse his conviction.

{¶ 2} In his first assignment of error, Ritze contends that the trial court improperly held that previously suppressed evidence would be admissible if Ritze testified as to his lack of impairment. He argues that this holding denied him the rights to due process and a fair trial. In his second assignment of error, he contends that the trial court erred in denying his motion for a new trial on the grounds that he was denied a fair trial due to the court's erroneous evidentiary ruling. We find these assignments of error to be well taken.

{¶ 3} The record shows that the trial court granted Ritze's motion to suppress any testimony relating to field sobriety tests because the arresting officer did not strictly comply with standardized testing procedures, as required by *State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952. Following a bench trial at which Ritze did not testify, the trial court found him guilty.

{¶ 4} Subsequently, Ritze filed a motion for a new trial. In an affidavit accompanying the motion, Ritze's counsel stated that (1) he had called Ritze as a witness in his case-in-chief; (2) before Ritze took the witness stand, the trial court called for a hearing with counsel in chambers; (3) during that in-chambers conference, the court ruled that if Ritze testified during either direct or cross-examination about his lack of impairment, the court would permit the state to introduce the previously suppressed evidence of the field sobriety tests; (4) counsel protested that this ruling was not correct, and the state said that it was unaware of any basis for this ruling, but the court refused to change it and cautioned counsel against calling Ritze as a witness; and (5) as a result of that ruling, and for no other reason, counsel did not call Ritze as a witness; and (6) Ritze's testimony would have rebutted the state's material evidence.

{¶ 5} At a hearing on the motion for a new trial, the trial court stated that it did not "make any ruling on any evidential [sic] matters regarding what this Court would allow by way of testimony or rebuttal if your client did testify." It went on to state: "What this court did was, when you called your client to the stand, I called the lawyers to side bar to confer, upon which time we went into chambers, and in chambers this Court conveyed to counsel, both the defendant and the State, that if your client was going to testify, and if he put at issue any level of intoxication, that this Court had the feeling that or gave an indication that this Court may allow any rebuttal testimony which would include any testimony that was excluded in the motion to suppress. And upon my indication, then it was left up to counsel to decide whether or not to put his client on the stand to testify, and what questions would be asked." The court then overruled the motion for a new trial.

{¶ 6} A court may grant a new trial due to an "[i]rregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court" that prevented the defendant from having a fair trial. Crim.R. 33(A)(1). The decision whether to grant a new trial lies within the trial court's discretion. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. *State v. Shepard* (1983), 13 Ohio App.3d 117, 119, 13 OBR 135, 468 N.E.2d 380.

{¶ 7} The state may use illegally obtained evidence to impeach the defendant's credibility even though it is inadmissible in the state's case-in-chief. *United States v. Havens* (1980), 446 U.S. 620, 624–628, 100 S.Ct. 1912, 64 L.Ed.2d 559; *Walder v. United States* (1954), 347 U.S. 62, 64–66, 74 S.Ct. 354, 98 L.Ed. 503; *State v. Butler* (1969), 19 Ohio St.2d 55, 59–60, 48 O.O.2d 77, 249 N.E.2d 818. Evid.R. 613(C) allows for impeachment of a witness by evidence of prior inconsistent conduct. But the evidence must satisfy certain foundational requirements before it is admissible. See *State v. Bowman* (2001), 144 Ohio App.3d 179, 186–187, 759 N.E.2d 856; *Basset v. Apex Internatl. Corp.* (Aug. 10, 2001), 1st Dist. No. C–000384, 2001 WL 903460; *State v. Wright* (Aug. 15, 1996), 7th Dist. No. 94-J-33, 1996 WL 467304. Generally, the defendant must testify to one set of circumstances. Then the prosecution may attempt to impeach the defendant's testimony through the use of self-contradiction. *Wright,* supra.

{¶ 8} If Ritze had testified that he had performed the field sobriety tests perfectly, then evidence of his performance on the tests that contradicted his testimony would have been admissible to impeach that specific statement. But that is not what occurred in this case. Though the court stated that it had not made a ruling, the court's own words indicate that the court did hold that if Ritze took the stand and testified that he was not impaired, the court would allow the state to present evidence regarding the field sobriety tests that it had previously suppressed. That ruling was far broader than the law allowed.

{¶ 9} Further, the defendant has a fundamental constitutional right to testify in his own defense. *State v. Bey* (1999), 85 Ohio St.3d 487, 497, 709 N.E.2d 484; *State v. Adkins* (2001), 144 Ohio App.3d 633, 644–645, 761 N.E.2d 94; *Cleveland v. Alton* (1997), 118 Ohio App.3d 642, 645–646, 693 N.E.2d 1124. The court's ruling had a chilling effect on Ritze's right to testify and on his right to present a defense. See *State v. Canada,* 6th Dist. No. OT–01–036, 2003-Ohio-481, 2003 WL 220407; *Mt. Vernon v. Szerlip* (June 17, 1999), 5th Dist. No. 98CA20, 1999 WL 436764.

{¶ 10} Consequently, the trial court abused its discretion in ruling that the previously suppressed evidence would be admissible if Ritze testified as to his lack of impairment and in denying his motion for a new trial. Accordingly, we sustain his first and second assignments of error.

{¶ 11} In his third assignment of error, Ritze argues that his conviction was against the manifest weight of the evidence. Our ruling on the previous two assignments of error renders this assignment of error moot, and we, therefore, decline to address it. See App.R. 12(A)(1)(c); *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–388, 678 N.E.2d 541; *State v. Ashbrook* (Apr. 30, 1997), 1st Dist. No. C–960535, 1997 WL 208148.

{¶ 12} In his fourth assignment of error, Ritze argues that the trial court improperly denied his motion for a judgment of acquittal pursuant to Crim.R. 29(A), which is the same as a claim that the evidence was insufficient to support the conviction. *State v. Cedeno* (Oct. 23, 1998), 1st Dist. No. C–970465, 1998 WL 735353. Therefore, this assignment of error is not rendered moot by our ruling on Ritze's first and second assignments of error. A determination of insufficient evidence would mean a complete failure of proof by the prosecution so that a retrial would be barred by the Double Jeopardy Clause. *Thompkins,* supra, 78 Ohio St.3d at 386–387, 678 N.E.2d 541; *State v. Kalejs,* 150 Ohio App.3d 465, 2002-Ohio-6657, 782 N.E.2d 112, at ¶ 24.

{¶ 13} Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Ritze had operated a vehicle while under the influence of alcohol. Consequently, the evidence was sufficient to support his conviction pursuant to R.C. 4511.19(A)(1). See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. See, also, *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. Accordingly, we overrule Ritze's fourth assignment of error.

■ {¶ 14} In his fifth assignment of error, Ritze argues that the trial court erred in admitting testimony regarding a plastic cup the arresting officer found in Ritze's car. He claims that the admission of this testimony was prejudicial because the officer threw the cup away and the state did not make it available for inspection. This assignment of error is not well taken.

{¶ 15} The record shows that Ritze was arrested at approximately 1:00 a.m. The arresting officer testified that after he asked Ritze to get out of the car, he saw a plastic cup in the front of the vehicle between the passenger seat and the driver's seat. The officer picked it up and found that it had a small amount of liquid, which appeared to be beer, inside. Ritze acknowledged that the cup had contained beer but claimed that he had drunk the beer much earlier in the day. The officer stated that he later disposed of the cup because he did not intend to charge Ritze with having an open container of alcohol in the vehicle.

■ {¶ 16} The state's failure to preserve materially exculpatory evidence violates a defendant's right to due process. *California v. Trombetta* (1984), 467

U.S. 479, 488–489, 104 S.Ct. 2528, 81 L.Ed.2d 413; *State v. Benson,* 152 Ohio App.3d 495, 2003-Ohio-1944, 788 N.E.2d 693, at ¶ 10. Ritze has failed to meet his burden to show that the evidence was materially exculpatory. *Benson,* supra, at ¶ 11; *State v. Benton* (2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046. Ritze acknowledged that the cup had contained beer and that he had drunk it. Even if the court believed his claim that he had drunk it earlier in the day, that evidence was not favorable to him. Further, the state's other evidence was sufficient to convict Ritze, and preservation of the cup as evidence would not have changed the results of the proceeding. See *State v. Jackson* (1991), 57 Ohio St.3d 29, 33–34, 565 N.E.2d 549; *Kalejs,* supra, at ¶ 16–18.

{¶ 17} The failure to preserve potentially useful, but not materially exculpatory, evidence violates a defendant's due-process rights if the police or the prosecution have acted in bad faith. *Benson,* supra, at ¶ 10; *Benton,* supra, 136 Ohio App.3d at 805, 737 N.E.2d 1046. Bad faith implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." *Benson,* supra, at ¶ 14. The record does not demonstrate that the police officer's disposal of the cup was anything more than a mistake or an incident of bad judgment. His conduct did not rise to the level of bad faith. Consequently, the failure to preserve the cup and the liquid it contained did not violate Ritze's due-process rights.

{¶ 18} Further, the evidence was relevant in that it tended to show that Ritze had been consuming alcohol while driving. See Evid.R. 401. We cannot hold that its probative value was substantially outweighed by the danger of unfair prejudice, particularly since Ritze admitted drinking the beer in the cup. See Evid.R. 403(A). Generally, evidence of the accused's own actions cannot be unfairly prejudicial, so long as it is relevant to the essential elements of the offense. *State v. Geasley* (1993), 85 Ohio App.3d 360, 372, 619 N.E.2d 1086; *State v. Bakst* (1986), 30 Ohio App.3d 141, 144, 30 OBR 259, 506 N.E.2d 1208. The decision whether to admit or exclude relevant evidence under Evid.R. 403(A) rests within the trial court's discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus; *State v. Hirsch* (1998), 129 Ohio App.3d 294, 307, 717 N.E.2d 789. The trial court's decision to admit the evidence in this case was not so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144; *Hirsch,* supra, 129 Ohio App.3d at 307–308, 717 N.E.2d 789. Accordingly, we overrule Ritze's fifth assignment of error.

{¶ 19} In his sixth assignment of error, Ritze contends that the trial court failed to properly journalize the proceedings as required by law. He argues that these irregularities require that his conviction be reversed and that he be discharged. This assignment of error is not well taken.

{¶ 20} First, he contends that the trial court failed to properly journalize entries related to his Crim.R. 29 motions for judgments of acquittal. The record shows that Ritze was charged with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1), which was the "A" charge. He was also charged with operating a vehicle without reasonable control pursuant to R.C. 4511.202, which was the "B" charge.

{¶ 21} The record shows that the trial court orally granted Ritze's motion for a judgment of acquittal on the "B" charge but that the court never journalized that ruling. Crim.R. 32(C) requires a judgment of acquittal to be journalized. Since the court did not do so, no final, appealable order exists as to the "B" charge. Consequently, this court does not have jurisdiction to rule on matters related to that charge. *State v. Briscoe* (1992), 84 Ohio App.3d 569, 572, 617 N.E.2d 747; *State v. Brock*, 1st Dist. No. C–020819, 2003-Ohio-3199, 2003 WL 21414810, at ¶ 3–7; *State v. Salaam*, 1st Dist. No. C–020324, 2003-Ohio-1021, 2003 WL 832751, at ¶ 11–12. Jurisdiction still lies with the trial court as to that charge, and Ritze will have to file a motion in the trial court to remedy the lack of a judgment entry.

{¶ 22} Ritze also argues that the trial court failed to journalize an entry overruling his Crim.R. 29 motions on the DUI charge. Crim.R. 32(C) states that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly." Thus, the rule requires the court to journalize an entry granting a motion for a judgment of acquittal but not necessarily one for the denial of the motion. In this case, the court journalized an entry meeting the requirements of Crim.R. 32(C) for Ritze's conviction on the DUI charge. The trial court's denial of Ritze's Crim.R. 29 motions was subsumed in the court's final judgment of guilty, and he was not prejudiced in any way.

{¶ 23} Finally, Ritze contends that the court's entry as to the DUI charge is ambiguous. We disagree. With a cursory glance, the handwritten entry appears to read "FIND NO—GUILTY Nunc Pro Tunc." However, upon closer examination, the entry clearly states "FINDING—GUILTY Nunc Pro Tunc."

{¶ 24} Ritze also takes issue with the use of a nunc pro tunc entry. The purpose of a nunc pro tunc order is to "record officially an action or actions of a court actually taken but not duly recorded." *State v. Breedlove* (1988), 46 Ohio

App.3d 78, 81, 546 N.E.2d 420. It does not extend beyond the power to make the journal entry speak the truth and can only show what the court actually decided, not what it should have decided or intended to decide. *State v. Pocius* (1995), 104 Ohio App.3d 18, 21, 660 N.E.2d 1236; *Salaam,* supra, at ¶ 12.

██ {¶ 25} The transcript shows that, after a bench trial, the trial court found Ritze guilty. It appears that next to the date on the journal entry the trial court had first written the sentence and then had later added the finding of guilty nunc pro tunc. This was a proper use of a nunc pro tunc entry. Even if the court had written the entire entry at the same time, the use of the phrase nunc pro tunc was merely surplusage and does not require the reversal of Ritze's conviction. Accordingly, we overrule his sixth assignment of error.

{¶ 26} In sum, based on our resolution of Ritze's first and second assignments of error, we reverse his conviction and remand the case for a new trial.

Judgment reversed
and cause remanded.

DOAN, P.J., HILDEBRANDT and PAINTER, JJ., concur.