DECISION.
{¶ 1} On February 23, 2002, defendant-appellee Paula Acosta was charged with one count of theft, in violation of R.C. 2913.02, and four counts of endangering children, in violation of R.C. 2919.22(A). The complaints alleged that, in the presence of her four children, Acosta had changed UPC labels in order to lower the prices on merchandise at a K-Mart store. K-Mart employees had witnessed Acosta's activities.
 {¶ 2} Defense counsel made a demand for discovery on May 17, 2002. The case was set for trial on July 31, 2002. On that date, an employee of K-Mart brought to court a surveillance videotape that showed Acosta's actions in the K-Mart store. Defense counsel was first informed about the tape on July 31, 2002. Apparently, the prosecuting attorney had told the K-Mart employee who had custody of the videotape that Acosta was going to enter into a plea bargain. The employee took the videotape back to the store, where it was reused, erasing the portion of the tape that showed Acosta's activities.
 {¶ 3} On September 10, 2002, defense counsel made an oral motion to dismiss the charges based upon the "loss" of the videotape. Acosta claimed that the videotape, which neither she nor her counsel had viewed, would have exonerated her or would have "at least mitigate[d] the circumstances." The trial court held a hearing on the motion on October 29, 2002. The court granted the motion to dismiss the charges even though the court found that the videotape had not been intentionally erased.
 {¶ 4} The state has appealed, raising one assignment of error for our review, which alleges that the trial court erred in dismissing the charges.
 {¶ 5} The state's failure to preserve materially exculpatory evidence or its destruction of potentially useful evidence in bad faith violates a criminal defendant's right to due process. See Arizona v.Youngblood (1988), 488 U.S. 51, 109 S.Ct. 333; California v. Trombetta
(1984), 467 U.S. 479, 104 S.Ct. 2528; State v. Ritze, 154 Ohio App.3d 133,2003-Ohio-4580, 796 N.E.2d 566; State v. Benson, 152 Ohio App.3d 495,2003-Ohio-1944, 788 N.E.2d 693. Evidence is materially exculpatory where the evidence possesses an exculpatory value that is apparent before the evidence is destroyed, and is of such a nature that the defendant will be unable to obtain comparable evidence by other reasonable means.California v. Trombetta, supra; State v. Benton (2000),136 Ohio App.3d 801, 737 N.E.2d 1046. Generally, the burden to show that lost or destroyed evidence is materially exculpatory is on the defendant. See State v. Ritze, supra; State v. Cahill, 3rd Dist. No. 17-01-19, 2002-Ohio-4459.
 {¶ 6} Where the defendant requests evidence and the state fails to respond in good faith to the defendant's request, the state bears the burden of proving that the evidence is not exculpatory. See Columbus v.Forest (1987), 36 Ohio App.3d 169, 522 N.E.2d 52; State v. Benton. TheForest and Benton courts placed the burden on the state to show that the destroyed evidence, consisting of radio transmissions and videotapes from police cruisers for which the defendants had made specific requests, was not exculpatory. In State v. Benson, supra, we held that where the defendant specifically requested that the evidence be preserved and the state destroyed the evidence, the burden shifted to the state to show the inculpatory value of the evidence.
 {¶ 7} Forest, Benton and Benson are distinguishable from the instant case because in those cases the defendant made an immediate, specific request for discovery and/or preservation of the evidence in question, which the state ignored. In the case sub judice, Acosta made only a general discovery request. In addition, the tape was present in the courtroom on July 31, 2002. It was only reused after the K-Mart employee was informed that Acosta was going to enter into a plea bargain. Under these circumstances, the burden remained on Acosta to demonstrate the exculpatory nature of the videotape.
 {¶ 8} Acosta asserted that she believed that the videotape would exonerate her or "mitigate the circumstances" of the crime, but she provided no basis for this assertion. Acosta and her counsel did not view the videotape. Acosta has failed to demonstrate that the videotape was materially exculpatory. See State v. Cahill, supra; State v. Ritze,
supra.
 {¶ 9} The failure of the state to preserve potentially useful, but not materially exculpatory, evidence violates a defendant's due-process rights if the police or the prosecution act in bad faith. See State v.Ritze, supra; State v. Benson, supra. Bad faith implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." See id., citingState v. Buhrman (Sept. 12, 1997), 2nd Dist. No. 96 CA 145; Hoskins v.Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 452 N.E.2d 1315.
 {¶ 10} In this case there was no evidence of bad faith on the part of the prosecutor other than that the videotape was not produced until the July 31, 2002, court date. Acosta did not file a motion to preserve the videotape as evidence after she became aware of its existence. The tape was not deliberately destroyed; it was reused in K-Mart's normal course of business after its employee was informed that Acosta was going to enter into a plea bargain.
 {¶ 11} The erasing of the videotape did not rise to the level of bad-faith destruction of evidence in which the conduct of the police and prosecutor would have indicated that the evidence had formed a basis for exonerating Acosta. See State v. Arizona, supra; State v. Cahill, supra. As the Second Appellate District stated in State v. Franklin, 2nd Dist. No. 19041, 2002-Ohio-2370, at ¶ 48, "What we have is, at most, bad judgment or negligence. Bad judgment and negligence are not enough to violate a defendant's due process rights." The erasing of the tape was nothing more than a mistake, which did not rise to the level of bad faith. See State v. Ritze, supra. Therefore, Acosta's due-process rights were not violated.
 {¶ 12} The trial court erred in granting Acosta's motion to dismiss the charges. The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and this Decision.
Judgment reversed and cause remanded.
Gorman and WINKLER, JJ., concur.