JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a bench trial, defendant-appellant, Mark Holtman, was convicted of two counts of felonious assault pursuant to R.C.2903.11(A)(1) and 2903.11(A)(2). The state's evidence showed that a nineteen-pound chunk of concrete came through the windshield of a van driven by Charles Hoffman, severely injuring him. The state contended that Holtman threw the rock through Hoffman's windshield. Holtman acknowledged placing chunks of concrete in the roadway and contended that one of the chunks flew up through the windshield after being hit by a car.
Holtman presents four assignments of error for review. In his first assignment of error he contends that the evidence was insufficient to support his conviction. In his third assignment of error, he contends that the trial court erred by overruling his Crim.R. 29 motions for judgments of acquittal, which is the same as a claim that the evidence was insufficient to support the conviction. State v. Ritze, 154 Ohio App.3d 133,2003-Ohio-4580, 796 N.E.2d 566. Therefore, we address these two assignments of error together. In both, Holtman argues that the state failed to prove that he acted knowingly. He claims that the evidence only showed that he acted recklessly. These assignments of error are not well taken.
The offenses of felonious assault under both R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2) require the state to prove that the defendant acted knowingly. State v. Williams (Aug. 1, 1997), 1st Dist. No. C-950729. R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." If an accused knows that a certain result might occur, or that a certain result is not only possible, but probable or likely to occur, the accused acts knowingly. State v. Edwards (1992),83 Ohio App.3d 357, 614 N.E.2d 1123; Williams, supra.
The determination of a defendant's mental state must be determined by the nature of the act when viewed in conjunction with the surrounding facts and circumstances. Courts will presume that a person intends the natural, reasonable and probable consequences of his or her voluntary acts. State v. Lott
(1990), 51 Ohio St.3d 160, 555 N.E.2d 293; In re Anderson
(1996), 116 Ohio App.3d 441, 688 N.E.2d 545.
In this case, the trial court stated that it found that the state's expert testimony showing that Holtman had thrown the rock through the windshield was more credible than Holtman's expert testimony that the rock was thrown up through the windshield after being hit by a car. The court, as the trier of fact, was the sole judge of the credibility of the witnesses. State v.Bryan, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433. The court could reasonably have found beyond a reasonable doubt that Holtman knew that throwing a nineteen-pound chunk of concrete at a car would probably cause physical harm. See State v. Cooey
(1989), 46 Ohio St.3d 20, 544 N.E.2d 895 (The trier of fact could have reasonably found beyond a reasonable doubt that the defendant knew that dropping a large chunk of concrete from a bridge would probably cause physical harm to others below.);State v. Zarlenga (June 1, 1989), 8th Dist. No. 55414 ("It is evident that when a projectile is hurled at an occupied car with sufficient force to shatter the windshield, there is a probability that injury will result.").
The court went on to find that regardless of whether Holtman threw the rock or placed it in the roadway, the evidence showed that he acted knowingly. We agree. The evidence supported the inference that Holtman knew that his deliberate and planned act of putting large chunks of concrete at the bottom of a dark hill on a rainy night would probably result in a car accident that would cause physical harm.
Our review of the record shows that a rational trier of fact, after viewing the evidence in light most favorable to the prosecution, could have found that the state had proved beyond a reasonable doubt that Holtman acted knowingly. Consequently, the state proved the essential elements of felonious assault pursuant to R.C. 2903.11(A)(1) and (A)(2) beyond a reasonable doubt, and the evidence was sufficient to support those findings of guilt. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. We, therefore, overrule Holtman's first and third assignments of error.
In his second assignment of error, Holtman contends that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot hold that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse Holtman's conviction and order a new trial. Therefore, his conviction was not against the manifest weight of the evidence. State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272. Accordingly, we overrule his second assignment of error.
In his fourth assignment of error, Holtman contends that the trial court erred in convicting and sentencing him for two counts of felonious assault when they were allied offenses of similar import. The record shows that the trial court acknowledged that the two offenses were allied offenses. It stated that it would sentence Holtman on only one count, and that the sentence on count two would be merged with the sentence on count one. But the judgment entry did not reflect these events.
After counsel filed their briefs in this case, the trial court entered a proper nunc pro tunc entry sentencing Holtman on only one count and reflecting what had actually occurred at the sentencing hearing. See Ritze, supra. Consequently, Holtman has withdrawn his fourth assignment of error. We therefore, affirm his conviction and sentence.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.