JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
After a trial to the court, defendant-appellant, Dwight Young, was convicted of theft of a motor vehicle, in violation of R.C.2913.02(A)(1), a fourth-degree felony. On appeal, Young raises two assignments of error but argues them together.
In the first assignment of error, Young contends that the trial court erred by denying his Civ.R. 29 motion for acquittal. In the second, Young contends that his conviction was based on insufficient evidence and was against the manifest weight of the evidence.
In evaluating the sufficiency of the evidence, we must determine whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[1] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.[2] A claim that the trial court erred in overruling a Crim.R. 29 motion for a judgment of acquittal is the same as a claim that the evidence was insufficient to support the conviction.[3]
R.C. 2913.02(A)(1) provides, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent."
The record shows that the victim was at the apartment of a friend when she suffered a medical emergency. Young was present in the apartment at this time. The victim was treated by paramedics. While she was being treated, the victim's car keys were on a corner of a bar. After the paramedics left, her car keys were gone, as was her car. She had given no one permission to take either. The victim's friend testified that Young had left the apartment during the victim's seizure. Young told the victim the next day that he had taken her car and that had he asked, she probably would have refused him permission to take it. Later, there were several conversations between Young and the victim and her friend during which the victim demanded her car back. Finally, she was told where she could find her car. The police located the car. The car had been damaged while it was in Young's possession.
Young argues that the state failed to prove venue. Venue was not challenged at trial by Young, and, thus, the issue was waived.[4] While Young failed to raise an objection at trial, Crim.R. 52(B) does provide, "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error exists only when, but for the error, the outcome of the trial would clearly have been otherwise.[5] Venue may be established through the facts and circumstances of the case,[6] and the test is whether, under the totality of the facts and circumstances, it has been shown beyond a reasonable doubt that the crime was committed in the state and county alleged.[7]
A police officer from one Cincinnati district and another from a separate district, testified at trial. The first officer had visited the apartment in her district after receiving a report about the stolen car. The second officer testified that he later found the auto in the second officer's district. On cross-examination by defense counsel of the second officer, a discussion occurred wherein defense counsel stated that the car had been reported stolen from a Clifton address (Clifton is a well-known Cincinnati neighborhood) next to the first officer's district station. The person at whose apartment the victim suffered her medical emergency testified that he lived in Clifton, at a particular address, and the victim also testified that the address was "On the Parkway next to district five." While the proof of venue could have been more explicit, we hold, under the totality of the facts and circumstances, that venue was proved by the state.[8] Moreover, on this record, we also hold that there was sufficient evidence to sustain Young's conviction for theft.
But even when the evidence is sufficient to support a conviction, an appellate court may still reverse the conviction as being against the manifest weight of the evidence.[9] A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[10] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[11] A new trial should be granted on the weight of the evidence only in exceptional cases.[12] After reviewing the record, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Young's conviction and order a new trial. Therefore his conviction was not against the manifest weight of the evidence.[13] Accordingly, we overrule Young's two assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
WINKLER, P.J., Gorman and SUNDERMANN, JJ.
[1] See State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
[3] See State v. Ritze, 154 Ohio App.3d 133, 2003-Ohio-4580,796 N.E.2d 566, at ¶ 12.
[4] See State v. Loucks, (1971) 28 Ohio App.2d 77, 78-79,274 N.E.2d 773.
[5] See State v. Nicholas (1993), 66 Ohio St.3d 431, 436,613 N.E.2d 225.
[6] See State v. Headley (1983), 6 Ohio St.3d 475, 477,453 N.E.2d 716.
[7] See id.
[8] See State v. Gribble (1970), 24 Ohio St.2d 85,263 N.E.2d 904, paragraph two of the syllabus.
[9] See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[10] See id.
[11] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[12] See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
[13] See id.; State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272.