JOURNAL ENTRY and OPINION
{¶ 1} After a jury found him guilty of theft and uttering, defendant-appellant Ronald Storey appeals, presenting four assignments of error.
 {¶ 2} Storey challenges his convictions on the following grounds: the trial court "coerced" him into waiving an attorney-client privilege with the threat that, unless he did so, he would lose his right to testify in his own behalf; his convictions are unsupported by either sufficient evidence or the weight of the evidence; and, his convictions are allied offenses. Storey further asserts he was denied his right of allocution during sentencing.
 {¶ 3} A review of the record, however, fails to support any of Storey's assignments of error. Consequently, his convictions and sentences are affirmed.
 {¶ 4} According to the record, Storey at one time was married to the victim, Judith Storey. The couple had a daughter in 1986, and were granted a divorce in 1991. By the terms of the divorce decree, Judith retained custody of their daughter.
 {¶ 5} In 1999, Judith purchased a house located on Stearns Road in Olmsted Township. She and the daughter lived there together until late 2001, when Judith was arrested for committing an assault. Judith understood she might be incarcerated for some period of time, so she requested Storey to look after their daughter. Judith provided Storey with a limited power of attorney for that purpose, and he moved into the Stearns Road house. He indicated to Judith that he would make the mortgage payments on the property during his residency.
 {¶ 6} On February 5, 2002 Storey presented a document to his long-time friend, Michael Thiel, for notarization of what Storey told him was Judith's signature. The signature had been affixed, dated that same day, to a quitclaim deed which transferred for the sum of ten dollars Judith's interest in the Stearns Road house to Storey's business, a trucking company.
 {¶ 7} Storey told Thiel that Judith was in jail, that she had signed the document there, that she could not make the mortgage payments, and that the house would go into foreclosure unless he took over the payments and the title. Despite Thiel's awareness that his notarization on the document was improper, he did what Storey requested of him.
 {¶ 8} Storey filed the document in the Cuyahoga County Recorder's office. The property transferred on February 5, 2002.
 {¶ 9} Upon Judith's release from jail, she returned to the Stearns Road home. Storey made no effort to move out; therefore, she assumed he continued to make the mortgage payments. Eventually, however, Judith requested Storey to leave the premises.
 {¶ 10} Storey informed her at that point that since he owned the property, she must leave. To illustrate his words, in July 2004 he filed a complaint against her in the Berea Municipal Court, seeking to evict her from the property. Judith investigated Storey's information; upon discovering the 2002 quitclaim deed, she took the matter to the Olmsted Township police.
 {¶ 11} Storey subsequently gave a written statement to police detective Bridget Holstein. Therein, he stated he "recognized" the February 5, 2002 deed "as the one [he] gave to his lawyer to have Judy sign so [he] would have a quitclaim deed for [the] Stearns Road [property]. After [his lawyer] had Judy sign it, [he] recorded it." Storey provided his lawyer's name.
 {¶ 12} Storey later was indicted on one count of fourth-degree felony theft and one count of uttering. His case proceeded to a jury trial.
 {¶ 13} As the state's first witness, the prosecutor called the lawyer Storey had named in his written statement. Storey's former lawyer testified she represented him in a child custody "modification" matter during his ex-wife's incarceration. The prosecutor then asked the lawyer if Storey requested her "to take a deed into the jail and have it signed by his ex-wife"; the witness stated she could not answer that question because it fell under attorney-client privilege. Next, the prosecutor asked the lawyer if she "would * * * be surprised" to learn Storey made a written statement to that effect. Storey objected.
 {¶ 14} The trial court excused the jury to consider the issue. After some discussion, Storey withdrew his objection and informed the trial court he waived his attorney-client privilege with respect to her testimony. The attorney subsequently denied she knowingly took any deed to Judith for her signature.
 {¶ 15} After Thiel, Holstein and Judith testified, Storey testified in his own behalf. He admitted preparing the quitclaim deed, stated he left it at the jail for Judith to sign, and assumed she did so because it was returned to him signed. Although Storey tried to reconcile the discrepancy between his written statement and his lawyer's testimony, he provided no explanation for the fact that the signature, the notarization, and the recording all took place on the same date.
 {¶ 16} The jury returned a verdict of guilty on both counts. After conducting the sentencing hearing, the trial court imposed upon Storey concurrent prison terms of twelve months and nine months.
 {¶ 17} Storey presents the following four assignments of error:
 {¶ 18} "I. Defendant's constitutional right to testify and statutory attorney-client privilege were both violated, thereby depriving defendant of a fair trial, when the trial court coerced defendant into surrendering one of these entitlements.
 {¶ 19} "II. The convictions for uttering and theft are not supported by sufficient evidence and are also against the manifest weight of the evidence because there is no direct evidence that defendant forged the deed and the circumstantial evidence suggests that the alleged victim signed the deed herself.
 {¶ 20} "III. The trial court denied defendant's constitutional right to procedural due process and his right to allocution by refusing to allow him to respond to allegations made against him during the sentencing hearing.
 {¶ 21} "IV. It is plain error to convict defendant of uttering and theft because both convictions are the result of a single accusation and are therefore allied offenses of similar import."
 {¶ 22} Storey first argues that the trial court compromised his right to a fair trial by requiring that he either waive his attorney-client privilege with respect to his lawyer or be precluded from testifying in his own behalf. Storey cites as authority for his position State v. Ritze, 153 Ohio App.3d 133,2003-Ohio-4580. Under the circumstances of this case, his argument must be rejected.
 {¶ 23} Pursuant to R.C. 2317.02(A), an attorney may not testify "concerning a communication made * * * by a client * * *, except * * * by express consent of the client * * * and except that, if the client voluntarily testifies * * *, the attorney may be compelled to testify on the same subject * * *."
 {¶ 24} As a practical matter, when Storey gave a written statement to the police in which he characterized the deed as the one he gave to his lawyer to have his ex-wife sign, he voluntarily disclosed a matter protected by his attorney-client privilege; therefore, he waived that privilege. State v. Post
(1987), 32 Ohio St.3d 380, paragraph one of the syllabus; modified by State v. McDermott, 72 Ohio St.3d 570,1995-Ohio-80.
 {¶ 25} The prosecution, naturally, sought to impeach Storey's statement. According to Storey's statement, the only two people involved in the transaction were Storey and his lawyer, and Storey could not be compelled to testify, thus, the lawyer became the obvious choice as a witness.
 {¶ 26} The record reflects neither the prosecutor nor defense counsel informed the trial court that the lawyer would be called as a witness. The court, therefore, became aware only during the lawyer's testimony that Storey's written statement implicated the lawyer in a crime.
 {¶ 27} This created a problem: if Storey later decided to testify in his own behalf to endorse his statement as written, his lawyer was placed in an untenable position. This problem makes State v. Ritze, supra, inapplicable to the facts of this case. The witness could be spared from this position only if Storey either expressly waived the attorney-client privilege, permitting her to testify and to give her version of the incident, or continued to invoke his right to remain silent. The trial court permitted Storey time to consider the choice and to confer with defense counsel.
 {¶ 28} The record further reflects that, given the option, Storey made an informed decision to waive the privilege. Subsequently, he testified in his own behalf to explain his written statement.
 {¶ 29} Since the record fails to reflect any coercion on the part of the trial court, Storey was not denied his right to a fair trial. Accordingly, Storey's first assignment of error is overruled.
 {¶ 30} Storey next argues that his convictions were unsupported by either sufficient evidence or the weight of the evidence. This court disagrees.
 {¶ 31} The sufficiency of evidence is a question of law, and is essentially, "a test of adequacy." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. The evidence must be viewed in a light most favorable to the prosecution to determine if reasonable minds can reach different conclusions as to whether the material elements of an offense are proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421,1997-Ohio-372; State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 32} In reviewing the weight of the evidence, this court examines the entire record to determine whether in resolving conflicts in the evidence, the jury clearly lost its way, creating a manifest miscarriage of justice that requires reversal of the conviction. State v. Thompkins, supra. This court remains mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the jury to consider. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 33} The indictment charged Storey with theft and uttering in violation of R.C. 2913.02 and R.C. 2913.31. R.C. 2913.02
prohibits any person "knowingly" and with "purpose to deprive the owner" from obtaining control over the property of another "by deception." R.C. 2913.31 prohibits any person, either with "purpose to defraud" or knowing he is "facilitating a fraud," from, inter alia, using, delivering or displaying a "writing" that he "knows to have been forged."
 {¶ 34} Judith testified that she never knew of the deed's existence until 2004, that the signature on the deed was not hers, and that she did not give anyone permission to transfer the property. Her testimony was compelling in its frankness.
 {¶ 35} Storey, on the other hand, admitted he prepared the deed, but his account of how he obtained Judith's signature went through two different versions, neither of which was corroborated. Moreover, he obtained an improper notarization of Judith's signature. Finally, neither of his accounts explained how the deed could have been signed, notarized, and recorded on the same day.
 {¶ 36} The jury thus was presented with sufficient evidence to sustain the elements of theft and uttering, and the finding of guilt finds support in the weight of the evidence. State v.Frederick, Montgomery App. No. 19212, 2003-Ohio-784; State v.Keith (Oct. 22, 1998), Cuyahoga App. No. 72275.
 {¶ 37} Accordingly, Storey's second assignment of error also is overruled.
 {¶ 38} In his third assignment of error, Storey argues the trial court violated his rights to procedural due process during the sentencing hearing. He contends the court's refusal to permit him to respond to a letter his former neighbor sent to the court denied him his right of allocution. Storey's argument lacks merit.
 {¶ 39} Crim.R. 32(A)(1) requires the court at the time of imposition of sentence to: 1) afford defense counsel an opportunity to speak; 2) address the defendant personally and ask if he wishes to either make a statement in his own behalf or present information in mitigation; 3) afford the prosecutor an opportunity to speak; and 4) afford the victim her rights provided by law.
 {¶ 40} A review of the record in this case reveals the trial court complied with the foregoing duties. Storey declined to make any statement at the appropriate time. Instead, when the court had fulfilled its duty and was ready to proceed to sentence, he sought to deflect the court with an extraneous matter. The court's decision to forestall him did not constitute a violation of his rights. State v. Muntaser, Cuyahoga App. No. 81915,2003-Ohio-5809, ¶ 57.
 {¶ 41} Storey's third assignment of error, therefore, also is overruled.
 {¶ 42} Storey argues in his fourth assignment of error that the two crimes with which he was charged were allied offenses pursuant to R.C. 2941.25(A). He contends the trial court thus erred in convicting and sentencing him on both counts.
 {¶ 43} Since the record reflects Storey failed to object to either the convictions or the sentences on this ground, he asserts the court committed "plain error" in this regard. Pursuant to Crim.R. 52(B), a court may notice an error that occurred in the proceedings which affects the defendant's "substantial rights."
 {¶ 44} A review of the elements of the two crimes in this case, however, reveals they do not correspond; therefore, Storey properly could be convicted of both. State v. Rance,85 Ohio St.3d 623, 1999-Ohio-291. Thus, no error, either plain or otherwise, occurred.
 {¶ 45} For the foregoing reasons, Storey's fourth assignment of error also is overruled.
 {¶ 46} Storey's convictions and sentences are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. concurs.
 Kilbane, J. concurs in Judgment Only.