[Cite as *State v. Lusane*, 2022-Ohio-437.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2020-P-0056 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Municipal Court, Ravenna Division |
| MATTHEW M. LUSANE, | Trial Court No. 2000 TRC 00510 R |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: February 14, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Cecily J. Mullins*, Megargel, Eskridge & Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}     Defendant-appellant, Matthew M. Lusane, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, in which the court issued a "Nunc Pro Tunc" entry including both the fact of conviction and sentence pursuant to this court's order on remand.  For the following reasons, we affirm the judgment of the lower court.

{¶2}     On January 6, 2000, Lusane was issued a citation for several traffic offenses and one count of Operating a Vehicle While Under the Influence, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1).  On May 12, 2000, he signed a

written plea of guilty to OVI. The bottom of this document, signed by the judge, stated that the court accepted Lusane's guilty plea. The case file jacket also contained the statement "pled guilty" and the judge's signature. The remaining charges were dismissed. Separately, in a May 12, 2000 entry, the trial court imposed a $500 fine and costs, a 180 day jail sentence with 170 days suspended subject to conditions, and a license suspension.

{¶3} On March 11, 2019, Lusane filed a Motion to Revise Judgment of Conviction, asserting that the 2000 sentencing entry lacked compliance with Crim.R. 32(C), which motion was denied. On appeal, this court held that "there was * * * no singular entry that stated both the fact of conviction and the sentence," as is required by Crim.R. 32(C), and, thus, "[c]onsistent with the law of this court and since Lusane did not receive the judgment entry to which he was entitled, we reverse and remand for the lower court to issue a proper judgment which contains both the fact of conviction and the sentence in a single entry." *State v. Lusane*, 11th Dist. Portage No. 2019-P-0065, 2020-Ohio-737, ¶ 9.

{¶4} On remand, the trial court issued a June 10, 2020 "Nunc Pro Tunc Journal Entry-Sentencing," which included the name of the offense, the fact that Lusane pled guilty, and the aforementioned sentence.

{¶5} Lusane appealed from this entry. The State filed a Motion to Dismiss on the grounds that a nunc pro tunc entry is not a final, appealable order. This court denied the motion, finding that, although the lower court characterized its entry as nunc pro tunc, it did not correct a clerical omission or mistake as is required to issue such an entry. This court further held that it was proper to address the merits of an appeal from the trial court's

2

issuance of an entry correcting the failure to state both the sentence and fact of conviction pursuant to Crim.R. 32(C). *See State v. Sullivan*, 11th Dist. Lake Nos. 2019-L-143 and 144, 2020-Ohio-1439, ¶ 7-8 (where the trial court issued a "nunc pro tunc" entry setting forth the conviction and sentence, an appeal from that entry was a "timely" appeal from a "final, appealable order").

{¶6} On appeal, Lusane raises the following assignment of error:

{¶7} "The trial court erred to the prejudice of appellant by improperly issuing a nunc pro tunc journal entry-sentencing in an attempt to remedy its failure to previously issue a proper judgment of conviction pursuant to Crim.R. 32[(C)]."

{¶8} In his sole assignment of error, Lusane argues that the trial court erred by issuing a nunc pro tunc entry on remand because such entries are only permissible to correct clerical errors. He contends that since there was no final entry in existence prior to remand, the issuance of a nunc pro tunc entry rather than a new order prevented him from taking actions such as withdrawing his guilty plea or appealing his original conviction.

{¶9} The State contends that the lower court's issuance of an entry compliant with Crim.R. 32(C) was consistent with this court's instructions on remand and its choice to do so via a nunc pro tunc entry does not constitute reversible error.

{¶10} "[C]ourts possess the authority to correct errors in judgment entries," including clerical errors, mistakes, or omissions that are mechanical in nature, apparent on the record, and that do not involve a legal judgment, "so that the record speaks the truth." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. "Nunc pro tunc entries are used to reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Id.*; *State*

3

*v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

{¶11} As this court explained previously in ruling on the Motion to Dismiss, a nunc pro tunc entry, which corrects clerical errors and does not create a new final order or extend the period to appeal from the original order, would not remedy the concern created by the failure to issue a single entry stating both the fact of conviction and the sentence as required by Crim.R. 32(C). *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 31 (nunc pro tunc entry correcting sentencing error "does not extend the time for filing an appeal from the original judgment of conviction and does not create a new final, appealable order"). In that entry, we also distinguished *Lester*, which held that a nunc pro tunc entry can correct a court's failure to include the *manner* of conviction in the court's final entry, rather than its failure to include the *fact* of conviction. Nonetheless, presuming a nunc pro tunc entry was not the proper form to correct the initial failure in issuing an entry compliant with Crim.R. 32(C), we find no reversible error for the reasons discussed below.

{¶12} It has consistently been held that, where the trial court issues an entry mischaracterized or improperly titled as a "nunc pro tunc" entry, this does not warrant reversal where it constitutes harmless error. In *State v. Starks*, 6th Dist. Sandusky No. S-97-034, 1997 WL 799883 (Dec. 31, 1997), the appellate court found that since the lower court's entry "actually modified the judgment, rather than merely correcting a mistake made through inadvertence or because of a clerical error, the trial court should not have captioned its decision as a '*Nunc Pro Tunc* Judgment Entry,'" but since there was no prejudice to the appellant, reversal was not warranted. *Id.* at * 2. Similar conclusions have been reached when an entry should not have been captioned as nunc pro tunc but

4

the trial court otherwise had authority to take the action set forth in such entry. *See State v. Ritze*, 154 Ohio App.3d 133, 2003-Ohio-4580, 796 N.E.2d 566, ¶ 25 (1st Dist.) ("the use of the phrase nunc pro tunc was merely surplusage and does not require the reversal of [appellant's] conviction"); *State v. Yeagley*, 9th Dist. Wayne No. 2895, 1995 WL 231200, * 3-4 (Apr. 19, 1995) (since the sentencing entry was void, it could not be corrected nunc pro tunc, but the use of such order was harmless as the court retained jurisdiction to correct the void entry); *State v. Wyrick*, 5th Dist. Fairfield Nos. 99CA56 and 99CA63, 2000 WL 502699, * 3 (Apr. 6, 2000).

{¶13} In the present matter, we find that any error relating to captioning the entry "nunc pro tunc" is harmless. The trial court acted to issue an entry compliant with Crim.R. 32(C) pursuant to this court's order on remand. Lusane contends that the court's issuance of a nunc pro tunc entry prevented him from seeking an appeal from his original conviction. However, we found the present appeal could be maintained and denied the State's motion to dismiss, emphasizing that the failure of the lower court to previously issue a final order had prevented Lusane from seeking a proper appeal. We further emphasized that this court has heard the merits of appeals where a defendant was not initially issued a final appealable order and one was provided only upon remand through a nunc pro tunc entry, citing *Sullivan*, 2020-Ohio-1439 (wherein the court considered the merits of the appeal from the conviction when defendant appealed from a nunc pro tunc entry issued for the purpose of Crim.R. 32 compliance). Given the foregoing, we do not find Lusane was prevented from raising issues relating to his initial conviction had he chosen to do so.

{¶14} Further, while Lusane argues the court should order dismissal of the case

5

against him because the passage of time makes achieving a "just adjudication" unlikely, we disagree. While it is accurate that the trial court should have initially issued an entry compliant with Crim.R. 32(C), the 20-year delay in seeking a remedy to this error is due to Lusane's inaction. He is not entitled to dismissal of his conviction simply because he failed to act in a timely fashion to raise alleged errors in a case where he was aware he had been convicted and sentenced. This court has ordered, and the trial court has provided, the remedy he is entitled to through the issuance of a Crim.R. 32(C)-compliant entry which he has been permitted to appeal.

{¶15} Lusane also argues that the issuance of a nunc pro tunc entry prohibited other actions, such as moving to withdraw his guilty plea. While Lusane was entitled to an entry that was final and appealable, it does not follow that he was entitled to fully relitigate this matter. The purpose of ensuring Lusane received an entry with both the fact of conviction and the sentence is primarily to provide him a final order from which to appeal. *See Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 11. The lower court's failure to issue such entry did not invalidate his guilty plea or adversely impact him when it came to the entry of such plea. This court has noted the limits of the trial court's ability to act on remand in the same circumstances, finding no hearing was required prior to issuing a Crim.R. 32(C)-compliant entry and emphasizing this court's "limited holding in the prior appeal" and that the "only act necessary to finish the case was the issuance of a single judgment setting forth the fact of conviction and sentence." *State v. Lusane*, 11th Dist. Portage No. 2019-P-0115, 2020-Ohio-4106, ¶ 35.

{¶16} The sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Portage County Municipal

6

Court, Ravenna Division, is affirmed.  Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

7