DECISION AND JUDGMENT ENTRY
{¶ 1} Michael S. Lupardus appeals from his operating a vehicle while under the influence ("OVI") conviction in the Marietta Municipal Court. On appeal, Lupardus contends that the trial court erred when it denied his motion to dismiss the charge against him because the State committed a Brady violation when it erased the dashboard videotape, which showed some or all of the field sobriety tests leading to his arrest. Because Lupardus failed to show that (1) the erased tape would have changed the outcome of the trial and/or (2) the State acted in bad faith, we disagree. Lupardus next contends that he was denied the effective assistance of counsel in the trial court because his counsel failed to move to preserve the evidence. Because Lupardus failed *Page 2 
to show how this motion would have affected the outcome of the trial, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} A State Highway Trooper observed Lupardus driving above the speed limit on State Route 7. After his radar confirmed his observation, he then undertook a traffic stop of Lupardus. Upon approaching, the trooper noticed the smell of alcohol and that Lupardus' eyes were glassy and bloodshot. After questioning, Lupardus admitted to drinking eight beers two hours prior to the stop. The trooper conducted several field sobriety tests and administered a breath test, which read .114. The trooper then placed Lupardus under arrest and charged him with him with speeding and OVI.
 {¶ 3} Lupardus entered a plea of not guilty and then filed a discovery request under Crim. R. 16. However, the State could not supply Lupardus with a copy of the dashboard videotape. The State indicated that the trooper tried to make a copy of the tape. However, the trooper accidentally destroyed the original by copying the blank DVD onto the tape.
 {¶ 4} Lupardus then filed a motion to suppress and dismiss, based on the accidental destruction of the dashboard videotape, which showed some or all of the field sobriety tests. He argued that this amounted to aBrady violation. The trial court denied his motion, concluding that the video tape was in "no way exculpatory."
 {¶ 5} Lupardus entered a no contest plea in exchange for the dismissal of the speeding offense. The court found him guilty of OVI in violation of R.C. 4511.19(A)(1)(a) and sentenced him accordingly. *Page 3 
 {¶ 6} Lupardus appeals his OVI conviction and asserts the following two assignments of error: I. "The State violated Mr. Lupardus' due process rights when it destroyed favorable evidence that was material to the issue of guilt." And, II. "Mr. Lupardus was denied the effective assistance of counsel when counsel failed to file a motion to preserve evidence, and exculpatory evidence was subsequently destroyed."
 II. {¶ 7} Lupardus contends in his first assignment of error that the trial court erred when it denied his motion to dismiss the charge against him.[1] He asserts that the State violated his due process rights when it erased the dashboard videotape, which showed (with sound) some or all of the field sobriety tests. He claims that this amounted to a Brady violation.
 {¶ 8} "We review de novo a trial court's decision involving a motion to dismiss on the ground that the state failed to preserve exculpatory evidence." (Cites omitted.) State v. Sneed, Lawrence App. No. 06CA18,2007-Ohio-853, ¶ 19.
 {¶ 9} The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law[.]" To determine if a defendant's alleged due process rights are violated, courts characterize lost or destroyed evidence as (1) "materially exculpatory" or (2) "potentially useful." See, State v. Geeslin, 116 Ohio St.3d 252,2007-Ohio-5239. "The Due Process Clause protects a defendant from being convicted *Page 4 
of a crime where the state has failed to preserve materially exculpatory evidence or has destroyed, in bad faith, potentially useful evidence." (Cite omitted.) Sneed at ¶ 20.
 A. "Materially Exculpatory" Analysis {¶ 10} "The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." State v. Johnston (1988), 39 Ohio St.3d 48, paragraph four of the syllabus, following Brady v. Maryland (1963), 373 U.S. 83. The defendant has the burden of proving a Brady violation involving a denial of due process. State v. Jackson (1991), 57 Ohio St.3d 29, 33.
 {¶ 11} "In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome. This standard of materiality applies regardless of whether the evidence is specifically, generally or not at all requested by the defense." Johnston, supra, paragraph five of the syllabus, following United States v. Bagley (1985), 473 U.S. 667.
 {¶ 12} Here, we cannot find that "the result of the proceeding would have been different." Even if the court had excluded the videotape evidence where Lupardus allegedly (1) performed poorly on the walk and turn and the one leg stand and (2) admitted that he earlier had eight beers to drink, the record still shows combined factors that supported finding him guilty of violating R.C. 4511.19(A)(1)(a). That is, Lupardus *Page 5 
(1) was speeding; (2) had glassy and bloodshot eyes; (3) had a strong odor of alcohol coming from his mouth when he talked; (4) scored six out of six clues on the Horizontal Gaze Nystagmus ("HGN") test; and (5) recorded .114 on the portable breath test and a .100 on the BAC.
 {¶ 13} Therefore, we find that the erased tape was not "material either to guilt or to punishment."[2]
 B. "Potentially Useful" Analysis {¶ 14} "Unless a defendant can show that the state acted in bad faith, the state's failure to preserve potentially useful evidence does not violate a defendant's due process rights." Geeslin, supra, syllabus, following Arizona v. Youngblood (1988), 488 U.S. 51.
 {¶ 15} Lupardus contends the State acted in bad faith and cites to cases showing that bad faith includes "gross negligence."
 {¶ 16} Here, the trial court found that the State did not act in bad faith when it erased the videotape. Competent, credible evidence supports the trial court's finding. After Lupardus filed a discovery request, the trooper testified that he tried to copy the videotape onto a blank DVD by using new equipment for that very purpose. However, he stated that he accidentally destroyed the original videotape by reversing the process, i.e., he copied the blank DVD onto the videotape. Stated differently, the trooper pushed the wrong button. *Page 6 
 {¶ 17} In addition, Lupardus (through his counsel) did not make a single argument at the motion hearing regarding the "bad faith" of the State. In fact, he made it clear to the trial court at that hearing that he was not contending that the State acted in bad faith. As such, Lupardus invited the court to find that the State did not act in bad faith. "A party will not be permitted to take advantage of an error which he himself invited or induced." State v. Bey (1999),85 Ohio St.3d 487, 493, citing Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.
(1986), 28 Ohio St.3d 20, paragraph one of the syllabus; State v.Seiber (1990), 56 Ohio St.3d 4, 17. This rule is generally referred to as the "invited error doctrine." State v. Ellis, Scioto App. No. 06CA3071, 2007-Ohio-2177, ¶ 27. Therefore, we find that Lupardus invited any alleged error of the court in concluding that the State did not act in bad faith when it erased the videotape.
 {¶ 18} In addition, we note that the record does not show any evidence of this type of problem in the past. The trooper was new and never did this procedure before. He asked for help and another experienced trooper gave him directions on how to copy the videotape. He simply pushed the wrong button. We find that these actions do not reach "gross negligence" or "bad faith."
 C. Burden of Proof {¶ 19} Lupardus further contends that the trial court erred when it placed the burden of proof on him at the motion hearing. He asserts in his merit brief that State v. Anderson, Hamilton App. No. C-050382,2006-Ohio-1568, places the burden on the State. *Page 7 
 {¶ 20} Because Lupardus invited the court to find that the State did not act in bad faith when it erased the tape, we will only address this issue as it relates to our "materially exculpatory" analysis.
 {¶ 21} As we stated earlier, the defendant bears the burden of proving that the lost or destroyed evidence was materially exculpatory.Jackson, supra, at 33. "However, some courts shift the burden of proof regarding the exculpatory value of the evidence where the defendant moves to have the evidence preserved and the state destroys the evidence." Sneed, supra, at ¶ 20, citing State v. Benton (2000),136 Ohio App.3d 801, 805-806. See, also State v. Benson,154 Ohio App.3d 495, 2003-Ohio-1944, ¶ 11; Columbus v. Forest (1987),36 Ohio App.3d 169, 173.
 {¶ 22} In Anderson, supra, the court distinguished its prior holding in State v. Acosta, Hamilton App. No. C-020767-71, 2003-Ohio-6503. InAcosta, the court held that a general motion for discovery does not change the burden of proof. That is, it remains with the defendant. However, in Anderson, the defendant made a general discovery request, and "he also filed a separate motion to preserve `any video or audio recordings at the station.'" The court held that "[t]his was a specific request for preservation of the evidence[.]" The Anderson court stated that its facts were similar to the facts in Benson.
 {¶ 23} Here, we find that Lupardus' "REQUEST FOR DISCOVERY" was a general request. It stated, "Now comes * * * counsel of record, and respectfully requests discovery in the above captioned case pursuant to Criminal Rule 16." As such, the facts of this case are similar toAcosta, instead of Anderson, Benton ("specifically requested discovery of the tape"), Benson ("motion to preserve any audio-or videotape of the *Page 8 
stop"), or Forest (motion to preserve "broadcast tapes"). Consequently, the trial court did not err when it placed the burden of proof on Lupardus.
 D. Conclusion {¶ 24} Therefore, for the above stated reasons, we find that the trial court did not err when it overruled Lupardus' motion to dismiss.
 {¶ 25} Accordingly, we overrule Lupardus' first assignment of error.
 III. {¶ 26} Lupardus contends in his second assignment of error that he was denied his right to the effective assistance of counsel in the trial court. Specifically, he asserts that his counsel failed to file a motion to preserve evidence and exculpatory evidence was subsequently destroyed.
 {¶ 27} "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness." State v. Wright, Washington App. No. 00CA39, 2001-Ohio-2473, citing State v. Hamblin (1988), 37 Ohio St.3d 153, cert. den. (1988), 488 U.S. 975; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient* * *" which "requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense* * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Absent both showings, *Page 9 
"it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Id.
 {¶ 28} This court "when addressing an ineffective assistance of counsel claim, should not consider what, in hindsight, may have been a more appropriate course of action." Id., citing State v. Phillips
(1995), 74 Ohio St.3d 72. Instead, this court "must be highly deferential." Id., citing Strickland at 689. Further, "a reviewing court: `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., citing Strickland at 689.
 {¶ 29} Here, Lupardus bases his ineffective assistance of counsel claim on the arguments he made in his first assignment of error. However, we found that he failed to show that (1) the outcome of the trial would have been different with the evidence (erased videotape) and/or (2) the State acted in bad faith. Further, even if the State had the burden of proof, our findings would not change. Therefore, under the second prong of the Strickland test, we find that Lupardus' trial counsel's performance did not affect the outcome of the trial. Consequently, Lupardus did not show that he had the ineffective assistance of counsel in the trial court.
 {¶ 30} Accordingly, we overrule Lupardus' second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[1] Lupardus does not argue that the trial court erred when it denied his alternative motion to suppress.
[2] Lupardus does not argue that he would have received a lesser sentence based on the evidence contained in the videotape. *Page 1