OPINION *Page 2 
{¶ 1} Defendant-appellant Jeanne Sutton appeals the decision of County Court No. 2 which denied her motion to dismiss. She contends that she was deprived of materially exculpatory evidence when law enforcement taped over the video recording of her stop and arrest for operating a vehicle while intoxicated (OVI). However, we conclude that the tape was merely "potentially useful", not materially exculpatory, and that there is no allegation of bad faith destruction. As such, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On November 19, 2006 at 1:21 a.m., an Ohio State Highway Patrol trooper saw appellant fail to stop at a red light before turning right onto Route 224. She also failed to use a turn signal. Upon activating his lights, the trooper then witnessed appellant hit a curb and almost wreck, which he characterized as erratic driving. (Tr. 11).
 {¶ 3} The trooper began writing a ticket for the lack of a turn signal. Appellant provided the requested documents and appeared to be distraught or frustrated. (Tr. 11, 13, 34). She stated that she was coming from a football party where there had been some kind of altercation. (Tr. 12, 34). The trooper did not notice any slurred speech or problem with her eyes. (Tr. 13, 29-30).
 {¶ 4} Due to her driving violations and an odor of alcohol, he asked her to perform three field sobriety tests: the walk-and-turn; the one-leg stand; and the horizontal gaze nystagmus (HGN) test. During the walk-and-turn test, she did not touch her heel to toe and took the incorrect number of steps. She swayed and restarted the one-leg stand test three times. Moreover, she demonstrated all six clues for the HGN test. Based upon the results of these tests, combined with her driving issues and the odor of alcohol, appellant was placed under arrest for OVI.
 {¶ 5} A portable breath test indicated a blood alcohol level of .11, and the more accurate breathalyzer at the station indicated a level of .145. (Tr. 36). In a post-Miranda statement, she admitted that she had been drinking. (Tr. 35). In addition to *Page 3 
the turn signal ticket, she was also ticketed for two OVI charges: one for driving under the influence, and one for testing over the .08 blood alcohol limit.
 {¶ 6} On February 8, 2007, appellant's attorney requested the video recording of the stop and arrest. However, it had been taped over pursuant to the Highway Patrol's policy of only maintaining video recordings for thirty days. Appellant filed a motion to dismiss based upon destruction of evidence. She originally filed a suppression motion on this and other grounds, but she later withdrew all suppression issues (except RFI frequency testing, which is not raised herein). (Tr. 32, 35).
 {¶ 7} The trial court held a hearing on the motion to dismiss. On August 11, 2008, the court denied the motion. On September 30, 2008, appellant pled no contest to one count of OVI and was sentenced accordingly. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 8} Appellant's sole assignment of error provides:
 {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO DISMISS WHEN MS. SUTTON'S DUE PROCESS RIGHTS WERE DENIED DUE TO THE DESTRUCTION OF MATERIAL EXCULPATORY EVIDENCE BY THE STATE."
 {¶ 10} Due process requires the state to give a defendant a meaningful opportunity to present a complete defense. California v. Trombetta
(1984), 467 U.S. 479, 485. The state fulfills its due process obligations in part by providing the defendant access to all material evidence in the state's possession. Brady v. Maryland (1963),373 U.S. 83, 87. Exculpatory evidence must be turned over even in the absence of a specific request. State v. Geeslin, 116 Ohio St.3d 252,2007-Ohio-5239, ¶ 8. Where the state either fails to preserve materially exculpatory evidence or destroys in bad faith "potentially useful" evidence, the conviction cannot stand. Arizona v. Youngblood (1988),488 U.S. 51, 58; Trombetta (1984), 467 U.S. at 489.
 {¶ 11} Thus, there is a distinction between evidence which is merely "potentially useful" and that which is materially exculpatory. Destruction of "potentially useful" evidence only warrants dismissal if it was performed in bad faith, whereas bad faith or good faith is irrelevant where it was materially exculpatory evidence that was destroyed. Geeslin, 116 Ohio St.3d 252 at ¶ 10. Here, appellant does notallege a bad *Page 4 faith destruction, and the only ground for dismissal of the OVI chargesthat she now raises is that the video tape was materiallyexculpatory.
 {¶ 12} Generally, the burden of proof lies with the defendant to show that the evidence is materially exculpatory. Trombetta,467 U.S. at 489-90; State v. Jackson (1991), 57 Ohio St.3d 29, 33. To be materially exculpatory, the evidence must be expected to play a significant role in the defense, possess exculpatory value that was apparent before destruction of the evidence, and be of a nature that the defendant would be unable to obtain comparable evidence by other reasonable means.Trombetta, 467 U.S. at 488-489.
 {¶ 13} Moreover, dismissal is not warranted unless there is a reasonable probability that the result of the proceeding would have been different had the evidence been preserved. State v. Johnston (1988),39 Ohio St.3d 48, 61, citing U.S. v. Bagley (1985), 473 U.S. 667. See, also, State v. Treesh (2001), 90 Ohio St.3d 460, 475 (a destruction of evidence case). A reasonable probability is a probability sufficient to undermine our confidence in the outcome. Id. Thus, reversal is only permitted if the result is not worthy of confidence due to the unavailability of the evidence.
 {¶ 14} Appellant claims that the video is materially exculpatory because her impairment would have been an issue at trial and because the trooper admitted that appellant: pulled over in a timely fashion; had normal speech; produced the requested documents; properly exited the vehicle and walked to a spot for testing; and, was not disheveled or incoherent. Appellant states that these are indicators that she was not impaired and believes that if a trier of fact saw the video tape, there is a reasonable probability that she would have been acquitted. Although the trooper was willing to confirm the absence of these particular impairment indicators, she states that "[a] picture is worth a thousand words" and emphasizes the Trombetta factor of being unable to obtain comparable evidence by other reasonably available means.
 {¶ 15} We begin by pointing out that had the case gone to trial, the trier of fact would have been presented with testimony that she failed to stop at a red light before turning right onto Route 224, she thereafter failed to use a turn signal at the next turn, she nearly hit a curb and she almost wrecked when turning. She does not contest *Page 5 
these facts, and the video could not have disputed this as the cruiser's recorder does not begin recording until the stop begins.
 {¶ 16} Notably, there are no longer any suppression issues here. Thus, the fact-finder would have heard that her blood alcohol content measured .11 on the portable test and .145 on the station's breath machine. In addition, she smelled of alcohol, she admitted drinking, and it was 1:21 a.m. after a Saturday night at a party.
 {¶ 17} Moreover, the field sobriety tests would have been considered by the trier of fact at trial as well. She does not contest the officer's testimony regarding the clues she exhibited on these tests. Consequently, the video would seem to possess more of an inculpatory than an exculpatory nature.
 {¶ 18} In any event, appellant is merely stating that the portion of the video showing her from the time the officer stopped her until the time he began the field sobriety testing supports her claim that she was not acting impaired. However, the trooper agreed that during this brief time period, she did not exhibit the particular intoxication indicators that she relies upon. The fact that appellant would have to rely on the officer's admissions as to her demeanor during the contested period rather than a video does not establish a reasonable probability that the result of any trial would have been favorable to her. SeeGeeslin, 116 Ohio St.3d 252 at ¶ 12, fn.1 (where Supreme Court refused to dismiss charges in a case even where the video would have resolved the conflict between trooper's claim of crossing line three times and defendant's claim that he did not cross the line, with no concern that improper driving can be an intoxication indicator). See, also, State v.Russ, 9th Dist. No. 07CA54, 2008-Ohio-3051, ¶ 29 (finding that lost tape of interview would have been cumulative to trial testimony as witness admitted tape contained a statement opining that defendant was not involved).
 {¶ 19} Our confidence that appellant could have received a fair trial is not undermined by the fact that she would have had to rely on the officer's admissions rather than a video to show that she did not act impaired from the time she came to a stop until the field sobriety tests began. Her ability to look presentable before testing may be "potentially useful" but is not materially exculpatory, especially considering all *Page 6 
of the aforementioned evidence against her derived from her acts both before and after the brief period that she acted unimpaired.
 {¶ 20} Finally, we note that appellant's claim is more relevant to the impairment charge than the BAC charge, which latter offense is even less likely to be affected by the portion of the video upon which appellant's complaint is based. We also note that without a trial and decision, there is no outcome to evaluate as there is in a case where the defendant gets convicted after trial and then claims a reasonable probability that the result would have been different had the evidence not been destroyed.
 {¶ 21} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs. *Page 1