[Cite as *State v. Lazier*, 2013-Ohio-5373.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-03-030 |
| - vs - | : | O P I N I O N<br>12/9/2013 |
| | : | |
| TIMOTHY W. LAZIER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28789

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Diehl & Hubbell, LLC, Martin E. Hubbell, 304 East Warren Street, Lebanon, Ohio 45036, for defendant-appellant

**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Timothy W. Lazier, appeals his conviction in the Warren County Common Pleas Court for one count of failure to comply with an order or signal of a police officer.  Prior to trial, appellant moved to dismiss the charge due to the state's failure to produce material evidence.  The trial court denied appellant's motion.  Appellant appeals from the trial court's denial of his motion to dismiss and seeks reversal of his conviction.  For

the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On November 11, 2012, Officer Steven Dunham of the Franklin Police Department was driving a marked cruiser equipped with a video recording system. Dunham was patrolling for a white Ford Explorer that was possibly involved in a theft in Middletown, Ohio. While driving southbound, Dunham came upon appellant driving a white Ford Explorer traveling northbound in Franklin, Warren County, Ohio. As Dunham believed appellant's vehicle may have been the white Ford Explorer involved in the Middletown theft, Dunham activated his overhead lights and sirens and turned his cruiser around to pursue appellant. At this time, Dunham witnessed appellant's vehicle rapidly accelerating and continuing north.

{¶ 3} Initially, Dunham lost sight of appellant and traveled between 60 and 70 m.p.h. in a residential area in order to catch up to appellant's vehicle. Dunham believed appellant must have been traveling at speeds in excess of 60 m.p.h. in a 35 m.p.h. zone in order to escape detection. Eventually, Dunham located appellant in his vehicle in the backyard of a residence. The total distance of the pursuit was approximately six-tenths of a mile.

{¶ 4} Appellant claimed he was driving the speed limit the entire time Dunham was allegedly in pursuit of him and had slowed down a number of times as he passed various residences to determine whether friends and family members were at home. Eventually, appellant arrived at the residence where he had been traveling to in order to sell "tools" to the occupants. Appellant asserted he only saw Dunham's cruiser twice, did not believe Dunham was in pursuit of him, did not alter his route because of Dunham, and did not pull into the backyard of the residence to hide from Dunham.

{¶ 5} On January 22, 2013, appellant was indicted for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). Appellant moved to dismiss the case based upon the state's failure to produce the November 11, 2012 surveillance video from Officer Dunham's cruiser. Appellant alleged this evidence was materially exculpatory to

- 2 -

the case. The trial court denied the motion on March 15, 2013 without a hearing.

{¶ 6} The case proceeded to a trial by jury on March 18, 2013, and appellant was convicted on the failure to comply charge. Appellant was sentenced to serve six months in jail and his driver's license was suspended for one year.

{¶ 7} From his conviction, appellant appeals, raising a single assignment of error:

{¶ 8} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS WITHOUT AN ORAL EVIDENTIARY HEARING.

{¶ 9} In his sole assignment of error, appellant argues the trial court violated his due process rights by failing to hold an evidentiary hearing on his motion to dismiss based on the missing surveillance video. Specifically, appellant alleges the trial court was required to hold a hearing to determine whether the surveillance video contained exculpatory evidence that appellant was not speeding, could not see Dunham's cruiser, was not fleeing, and did not fail to comply with Dunham's signal or order. Appellant maintains that the state improperly withheld this evidence and that, even if the evidence is only "potentially useful" to appellant rather than exculpatory, his due process rights were violated because it is "plausible" the video was destroyed in bad faith.

{¶ 10} Depending on the nature of the evidence, different tests are applied to determine whether the unavailability of evidence amounts to the level of a due process violation. *State v. Gatliff*, 12th Dist. Clermont No. CA2012-06-045, 2013-Ohio-2862, ¶ 40, citing *State v. Powell,* 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 73-77. "The state's failure to preserve 'materially exculpatory' evidence, regardless of whether such failure was done in good faith or bad faith, violates due process." *Id.*, citing *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528 (1984). Evidence is "constitutionally material" when it possesses "an exculpatory value that was apparent before the evidence was destroyed, and is of such a nature that the defendant would be unable to obtain comparable evidence by other

reasonably available means." (Internal quotations omitted.) *Id.*, quoting *Powell* at ¶ 74. The defendant generally bears the burden of showing that the evidence was materially exculpatory. *Id.*, citing *Powell* at ¶ 74.

{¶ 11} However, "a different rule is used when the evidence is merely 'potentially useful.'" *Gatliff* at ¶ 41, quoting *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, at ¶ 9-10. "Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.*, citing *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333 (1988). Bad faith implies more than bad judgment or negligence but, rather, "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Id.*, citing *Powell* at ¶ 81.

{¶ 12} "With regard to procedure, we note that the denial of a motion to dismiss on the ground that the government failed to preserve exculpatory evidence is reviewed de novo." *State v. Combs*, 5th Dist. Delaware No. 03CA-C-12-073, 2004-Ohio-6574, ¶ 25; *State v. Johnson*, 8th Dist. Cuyahoga No. 82527, 2003-Ohio-4569, ¶ 7; *United States v. Wright*, 260 F.3d 568, 570 (6th Cir.2001).

{¶ 13} We find appellant failed to meet his burden of proving that the surveillance video was materially exculpatory and, therefore, that his due process rights were violated by the state's failure to preserve the video or by the trial court's failure to hold an evidentiary hearing on the matter. Appellant concedes the footage on the video is only "potentially useful" and "could have" shown "the speed of appellant's vehicle, whether he could see the officer's vehicle, and whether the movement of his vehicle was evasive." Appellant acknowledges these facts only "could have" swayed the jury to find in favor appellant. Appellant does not argue the video would have proved his innocence.

{¶ 14} Appellant's admissions demonstrate the video was not materially exculpatory.

- 4 -

Moreover, appellant was able to obtain comparable evidence by other reasonably available means. Appellant cross-examined Dunham as to the speed of appellant's vehicle, whether appellant could see Dunham's cruiser, and whether the movement of appellant's vehicle was evasive. Appellant also testified he was not speeding, he only saw the officer's cruiser briefly, and he was not fleeing from Dunham.

{¶ 15} Because the video did not provide any materially exculpatory evidence, our inquiry turns to whether it would be potentially useful and whether the video was destroyed in bad faith. Even assuming the video footage would have been potentially useful to appellant's case, appellant fails to provide any evidence demonstrating that the video was destroyed in bad faith. Appellant asserts that it is "plausible" the video was destroyed only after he filed his motion to dismiss, therefore implying it was destroyed in bad faith. However, Dunham testified at trial that the surveillance video was automatically uploaded from his cruiser to the Franklin Police Department's system. Dunham stated he "didn't realize at the time" that the video would be "purged" from the system unless "somebody goes in and checks the video and marks it to be saved." When he realized the case was going to trial, Dunham "went back to look for the video" but it had "already been purged from [the] system." Dunham testified neither he nor the Franklin Police Department had any intention of destroying the video.

{¶ 16} As appellant's assertion that the video was destroyed in bad faith is solely speculative, we find the trial court did not err by denying appellant's motion to dismiss without holding an evidentiary hearing.

{¶ 17} Based upon the foregoing, appellant's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.