[Cite as *State v. Franchi*, 2016-Ohio-1195.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27797 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RITZI C. FRANCHI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR 2014 08 2512 |

DECISION AND JOURNAL ENTRY

Dated: March 23, 2016

HENSAL, Presiding Judge.

{¶1} The State of Ohio appeals a journal entry of the Summit County Court of Common Pleas that granted Ritzi Franchi's motion to dismiss the indictment. For the following reasons, this Court reverses.

I.

{¶2} On August 18, 2014, Akron Police Officer Natalie Tassone stopped Mr. Franchi after she noticed that his vehicle did not have a windshield and that he failed to use his turn signal. According to Officer Tassone, shortly after she approached, Mr. Franchi gave her permission to search his vehicle. During the search, she found a bag with cocaine. The Grand Jury subsequently indicted Mr. Franchi for possession of cocaine.

{¶3} Mr. Franchi moved to suppress the evidence Officer Tassone found during the search. At a hearing on his motion, Mr. Franchi denied that he gave her permission to search his vehicle, testifying that she never even asked. Officer Tassone explained that, although her

cruiser's audio and video recording equipment was activated during the stop, the hard drive that contained the recording of the stop had been recorded over by the time of the hearing. Accordingly, there was no independent evidence to establish whether Mr. Franchi consented to the search. The court found that Mr. Franchi voluntarily consented to the search, and it denied his motion to suppress.

{¶4} After the hearing, Mr. Franchi moved to dismiss the indictment, alleging that the State withheld or spoiled evidence. At a hearing on his motion, Mr. Franchi noted that he made a request for discovery before the hard drive containing the audio and video of his stop was erased. Upon review of the motion, the trial court explained that, because the State failed in its duty to preserve the evidence and the evidence was not obtainable by other means, it would place the onus on the State to show that the recording did not contain materially exculpatory evidence. Because the State could not demonstrate that the recording did not contain such evidence, the court concluded that the destruction of the recording violated Mr. Franchi's due process rights. Consequently, it explained that it had to credit Mr. Franchi's account of the traffic stop.[1] Upon reconsideration of the evidence, it concluded that the State failed to establish that Mr. Franchi voluntarily consented to the search of his vehicle. It, therefore, granted Mr. Franchi's motion to dismiss. The State has appealed, assigning as error that the trial court erred when it reconsidered the motion to suppress and dismissed the indictment.

---

[1] Instead of simply imposing a sanction for the alleged due process violation, it appears that the trial court may have proceeded to reconsider its ruling on Mr. Franchi's motion to suppress. The court dismissed the indictment after finding that Mr. Franchi did not consent to the search of his vehicle. The State has not contested the method by which the court arrived at its ultimate decision.

## ASSIGNMENT OF ERROR

THE COURT ERRED IN RECONSIDERING THE MOTION TO SUPPRESS AND DISMISSING THE INDICTMENT.

{¶5} The State argues that the trial court misapplied the law when it presumed that the hard drive contained material exculpatory evidence. We review the trial court's decision on a pre-trial motion to dismiss de novo. *State v. Saxon*, 9th Dist. Lorain No. 09CA009560, 2009-Ohio-6905, ¶ 5.

{¶6} If "the prosecution withholds material, exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant * * * to a fair trial." *State v. Johnston*, 39 Ohio St.3d 48, 60 (1988). If it is not clear whether the evidence that the State failed to preserve could have exonerated the defendant, however, the defendant "must show bad faith on the part of the state in order to demonstrate a due process violation." *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, ¶ 10. The Ohio Supreme Court has held that, if the missing evidence would not "challenge the *substance* of the allegations[,]" it "could not have been materially exculpatory evidence * * *." *Id*. at ¶ 13. In *Geeslin*, the Supreme Court held that, because the evidence contained on a missing videotape would only have been used "to refute [a state trooper's] stated reasons for stopping" the defendant and not "for the purpose of establishing [his] guilt or innocence[,]" the defendant had to demonstrate that the state acted in bad faith when it lost the tape. *Id*. at ¶ 12, 14.

{¶7} In this case, Officer Tassone inadvertently recorded over the conversation that she had with Mr. Franchi before she searched his vehicle. The recording may have established that Mr. Franchi did not give her permission to search his car. It is not alleged that the recording would have contained evidence regarding whether he was in possession of cocaine. We, therefore, conclude that the trial court incorrectly found that the tape contained material

exculpatory evidence. *Geeslin* at ¶ 14. Unlike in *State v. Benton*, 136 Ohio App.3d 801 (6th Dist.2000), which the trial court relied on, the tape at issue in this case could not have contained materially exculpatory evidence. *Compare id.* at 804, 806 (explaining that tape would have contained evidence relating to DUI charge); *State v. Benson*, 152 Ohio App.3d 495, 2003-Ohio-1944, ¶ 12 (1st Dist.) (same).

{¶8} Because the recording of the traffic stop could not have contained material exculpatory evidence, it was Mr. Franchi's burden to establish that the State acted in bad faith when it deleted or recorded over it. The trial court specifically found that it had "not found any bad faith in this case by the Akron Police Department." Accordingly, we conclude that the trial court incorrectly held that the State violated Mr. Franchi's due process rights. The State's assignment of error is sustained.

### III.

{¶9} Because the missing recording would not have contained material exculpatory evidence, the trial court erred when it placed the burden on the State to demonstrate that the recording did not contain such evidence. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

KANI HARVEY HIGHTOWER, Attorney at Law, for Appellee.