**[Cite as *State v. Sisler*, 2018-Ohio-348.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| --- | --- | --- | --- |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No.    17CA011119 |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SEAN SISLER | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    15CR092991 |

DECISION AND JOURNAL ENTRY

Dated: January 29, 2018

HENSAL, Presiding Judge.

{¶1} Sean Sisler appeals his drug-related convictions in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Detective Ryan Vrooman stopped a vehicle that he saw commit two traffic violations. After approaching the vehicle, he learned that the driver had a suspended license, so he arrested her. Meanwhile, Officer Wesley Fordyce, a member of the K-9 unit, arrived to assist him. At Detective Vrooman's request, Officer Fordyce walked his dog Hunter around the vehicle, who alerted on the front passenger door. A search of the vehicle uncovered a satchel under the front passenger seat that contained a large number of hypodermic needles, a metal spoon, and a plastic bag containing a brown powdered substance that was later determined to be heroin. Officer Fordyce asked the man who had been sitting in the passenger seat, Mr. Sisler, about the satchel, and Mr. Sisler admitted that it was his. The Grand Jury subsequently indicted

Mr. Sisler for possession of drugs, possession of drug abuse instruments, and possession of drug paraphernalia.

{¶3} Before trial, Mr. Sisler requested discovery from the State. The State complied with the request, except for producing the officers' dash camera videos, which had been recorded over. Following the conclusion of the State's case at trial, Mr. Sisler moved for dismissal under Criminal Rule 29. Part of his argument was that the case should be dismissed because of the destruction of the dash-camera footage. The trial court denied his motion, finding that the video evidence was only potentially useful and that the State had not acted in bad faith when it destroyed the evidence. A jury found Mr. Sisler guilty of the offenses, and the court sentenced him to three years of community control. Mr. Sisler has appealed, assigning as error that the trial court incorrectly denied his motion for acquittal.

II.

ASSIGNMENT OF ERROR

IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THE COURT ERRED IN FAILING TO GRANT MR. SISLER'S MOTION FOR ACQUITTAL UNDER CRIM. R. 29.

{¶4} Mr. Sisler argues that the trial court incorrectly denied his motion for acquittal under Criminal Rule 29(A). Under that rule, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is

whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶5}** Although Mr. Sisler frames his argument under Rule 29(A), the substance of his argument is that the court should have dismissed the charges because, despite his discovery request, the State did not preserve the video footage from the dash cameras in Detective Vrooman's and Officer Fordyce's police cruisers. The Ohio Supreme Court has recognized that, if "the prosecution withholds material, exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant * * * to a fair trial." *State v. Johnston*, 39 Ohio St.3d 48, 60 (1988). If, on the other hand, it is not clear whether the evidence that the State failed to preserve could have exonerated the defendant, the defendant "must show bad faith on the part of the state in order to demonstrate a due process violation." *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, ¶ 10. Evidence is material, exculpatory evidence if "(1) the evidence possesses an exculpatory value that was apparent before the evidence was destroyed, and (2) is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable means." *State v. Nastick*, 9th Dist. Summit No. 28243, 2017-Ohio-5626, ¶ 9, citing *California v. Trombetta*, 467 U.S. 479, 489 (1984).

**{¶6}** Mr. Sisler argues that the dash-camera footage was exculpatory and that its exculpatory value was evident from the time of the stop, noting that it would have shown whether any of the passengers in the vehicle made furtive movements as the officers testified. He points to Officer Fordyce's acknowledgement at trial that the footage "would [have been] important for us to have[.]" Mr. Sisler also argues that the evidence was unattainable by other means.

**{¶7}** The Ohio Supreme Court has held that, if missing evidence would not "challenge the *substance* of the allegations[,]" it "could not have been materially exculpatory evidence * * *." (Emphasis sic.) *Geeslin* at ¶ 13. For example, in *Geeslin*, the Supreme Court held that, because the evidence contained on a missing videotape would only have been used "to refute [a state trooper's] stated reasons for stopping" the defendant and not "for the purpose of establishing [his] guilt or innocence[,]" the defendant had to demonstrate that the state acted in bad faith when it lost the tape. *Id*. at ¶ 12, 14.

**{¶8}** Officer Fordyce testified that the dash camera footage was "important" only because the "video would make it very clear what occurred * * *." Mr. Sisler has not alleged that it would have contained any evidence suggesting that the satchel was not found in the vehicle, that the satchel was not found under the seat where he had been sitting, or that he did not admit to Officer Fordyce that the satchel belonged to him. In light of the fact that the dash camera footage would not have contained any evidence regarding whether Mr. Sisler was in possession of drugs, drug abuse instruments, or drug paraphernalia, we conclude that the trial court did not err when it determined that the destroyed evidence was not material, exculpatory evidence and examined, instead, whether the State acted in bad faith when it destroyed the videos. *Id*. at ¶ 13-14; *State v. Franchi*, 9th Dist. Summit No. 27797, 2016-Ohio-1195, ¶ 7-8.

**{¶9}** Mr. Sisler has not argued that the trial court incorrectly found that the State did not act in bad faith when it allowed the dash-camera footage to be recorded over. We, therefore, conclude that he has failed to establish that the court erred when it denied his motion for acquittal. Mr. Sisler's assignment of error is overruled.

III.

{¶10}  Mr. Sisler's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.